| | |
|---|---|
| CHRISTOPHER HARDESTY, | CASE NO. C12-5014BHS |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO CONTINUE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANTHONY A. PETROCCHI, P.C., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Real Time Resolutions, Inc.'s ("Real Time") motion for summary judgment (Dkt. 16) and Plaintiff Christopher Hardesty's motion to continue Defendants' motion for summary judgment (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Hardesty's motion to continue and denies Real Time's motion for summary judgment without prejudice to Real Time renewing the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On January 6, 2012, Hardesty filed the complaint in this action against Defendants Anthony A. Petrocchi, P.C. ("Petrocchi") and Real Time. Dkt. 1. On March 9, 2012, he filed an amended complaint alleging claims against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA"). Dkt. 11. Hardesty's claims against Defendants are at least, in part, based on a letter sent July 26, 2011 ("the

Letter"), from Petrocchi indicating that Hardesty was delinquent on payments to Real Time, and provided information that, if Hardesty neither made a payment or called Real Time or Mr. Petrocchi, then Hardesty could be subject to legal action with 30 days of not responding. *See* Dkt. 11-2.

On March 22, 2012, Real Time filed a motion for summary judgment seeking dismissal of all claims alleged against it in Hardesty's complaint. Dkt. 16. On April 9, 2012, Hardesty filed a response and included a motion to continue the motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Dkt. 19. On April 11, 2012, Real Time filed a response to Hardesty's motion to continue. Dkt. 20. On April 13, 2012, Real Time replied to Hardesty's response to the motion for summary judgment. Dkt. 21. On April 13, 2012, Hardesty replied to Real Time's response to the motion to continue. Dkt. 22.

## II. DISCUSSION

**A.    Standard**

Under Rule 56(d) of the Federal Rules of Civil Procedure, if the nonmoving party establishes that it is unable to properly defend against a motion for summary judgment, the Court may: (1) deny or continue the motion, (2) allow time to take discovery or obtain affidavits or declarations, or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The party seeking such a continuance must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004).

1 | The Court may deny the request unless the party opposing summary judgment articulates
2 | how additional discovery may preclude summary judgment and demonstrates diligence in
3 | pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844
4 | (9th Cir. 1994). The burden is on the nonmoving party to establish that proceeding with
5 | additional discovery would produce evidence sufficient to defeat summary judgment and
6 | that the evidence it seeks is in existence. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151,
7 | 1161 n.6 (9th Cir. 2001).

**B.     Hardesty's Motion to Continue**

In his motion to continue the motion for summary judgment, Hardesty maintains that he has been unable to conduct any discovery in this case as the litigation is still in its earliest stages and that the Court should give him an opportunity to discovery information to support his factual allegations. Dkt. 19. Specifically, Hardesty contends that he needs to conduct discovery to show that: (1) Real Time is vicariously liable for Petrocchi's unlawful debt collection activities; (2) at the time the Letter was drafted, no attorney had meaningfully reviewed Hardesty's account; and (3) Defendants did not intend to immediately take legal action. *Id*. Real Time argues that the facts which Hardesty seeks to discovery are not essential to defending the motion for summary judgment and that regardless, Hardesty cannot show that the Letter is "material (i.e. that it plays a role in how a consumer intelligently chooses a specific course of action)" and therefore his claims fail as a matter of law. Dkt. 20.

The Court concludes that Hardesty has shown that the motion for summary judgment should be continued to give him an opportunity to conduct discovery to support

his factual allegations.  As Hardesty maintains, this case is in the earliest stages of litigation as the scheduling order was issued only weeks ago and little or no discovery has taken place.  *See Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) (stating that "[g]enerally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment").  In addition, the Court is not persuaded, as Real Time argues, that the facts Hardesty seeks to discover are not relevant to the issue of materiality.  Accordingly, Real Time's motion for summary judgment is denied without prejudice to it being renewed once Hardesty has had an opportunity to conduct discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that Hardesty's motion to continue (Dkt. 19) is **GRANTED** to the extent that Real Time's motion for summary judgment (Dkt. 16) is **DENIED without prejudice** to it being renewed after Hardesty has had an opportunity to conduct discovery.

Dated this 16th day of May, 2012.

BENJAMIN H. SETTLE  
United States District Judge